IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Eugene White, ) | Case No. 4:20-cv-01674-DCC-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Officer Clarke and Doctor Jacobs, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff's amended complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. ECF No. 10. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On July 9, 2020, Officer Clarke filed a motion to dismiss. ECF No. 17. Plaintiff filed responses in opposition. ECF Nos. 23, 24. On November 19, 2020, the Magistrate Judge issued a Report recommending that the motion be granted as to the claims against Officer Clarke in his official capacity. ECF No. 34. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has not filed objections to the Report and the time to do so has lapsed.

On July 22, 2020, Doctor Jacobs filed a motion to dismiss. ECF No. 25. The Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th

Cir.1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately. ECF No. 27. Despite this explanation, Plaintiff has not responded to the motion. On November 19, 2020, the Magistrate Judge issued a Report recommending that this case be dismissed as to Dr. Jacobs pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or, in the alternative, that the motion to dismiss be granted as to the claims against Dr. Jacobs. ECF No. 32. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff did not file objections to the Report and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As stated above, Plaintiff has not objected to the Magistrate Judge's Report. Accordingly, after considering the record in this case, the applicable law, and the Reports of the Magistrate Judge, the Court finds no clear error and agrees with the recommendations of the Magistrate Judge. This action is **DISMISSED** with prejudice pursuant to Federal Rule of Civil Procedure 41(b) as to Plaintiff's claims against Dr. Jacobs.[1] Officer Clarke's motion to dismiss [17] is **GRANTED** and the claims against him in his official capacity are dismissed.

    IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

January 27, 2021
Spartanburg, South Carolina

---

[1] Dr. Jacob's motion to dismiss [25] is **FOUND as MOOT**.