IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Eugene White, | ) | Case No. 4:20-cv-01674-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Officer Clarke and Doctor Jacobs, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's amended complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. ECF No. 10. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On February 1, 2021, Officer Clarke filed a motion for summary judgment. ECF No. 44. The Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately. ECF No. 48. Despite this explanation, Plaintiff has not responded to the motion. On February 11, 2021, Officer Clarke filed a motion to dismiss for lack of prosecution. ECF No. 51. The Magistrate Judge issued another *Roseboro* order advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences if

he failed to respond adequately.  ECF No. 52.  Despite this explanation, Plaintiff has not responded to the motion.

On March 2, 2021, the Magistrate Judge issued a Report recommending that the motion to dismiss be granted, the motion for summary judgment be deemed moot, and this action be dismissed with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  ECF No. 55.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Plaintiff has not filed objections to the Report and the time to do so has lapsed.[1]

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo*

---

[1] The Court notes that several pieces of mail sent to Plaintiff by the Court since January 27, 2021, including the February 3, 2021, *Roseboro* order, have been returned as undeliverable. ECF Nos. 50, 54, 57.  Plaintiff was specifically warned that it was his responsibility to keep the Court updated as to any change of address.  ECF No. 7 at 3.

review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As stated above, Plaintiff has not objected to the Magistrate Judge's Report. Accordingly, after considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge. The motion to dismiss [51] is **GRANTED** and this action is **DISMISSED** with prejudice pursuant to Federal Rule of Civil Procedure 41(b). The motion for summary judgment [44] is **FOUND as MOOT**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

May 20, 2021
Spartanburg, South Carolina